**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTEN SWEENEY, *individually and as Executrix of the Estate of Patrick Sweeney, and as Natural Guardian of Infant Children J.S., N.S., and C.S.*, <br><br> Plaintiff, <br><br> v. <br><br> TRINITY HIGHWAY PRODUCTS, LLC, et al., <br><br> Defendants. | Civil Action No: 16-765 (SDW) (LDW) <br><br> **OPINION** <br><br><br> December 16, 2016 |

**WIGENTON**, District Judge.

Before this Court is Defendant Trinity Highway Product's ("Trinity" or "Defendant") Motion to Dismiss Plaintiff Kristen Sweeney's ("Sweeney" or "Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

In August 2006, Patrick Sweeney was a passenger of a limousine that collided with a guardrail end treatment, resulting in his death. (Am. Compl. ¶ 3-4.) His wife, Kristen Sweeney, filed a lawsuit in New Jersey Superior Court, Bergen County ("Bergen County lawsuit"), against the driver and owner of the limousine, various state contractors who installed the guardrail end treatment, as well as Trinity, which designed the guardrail end treatment. (*Id*. at ¶ 5-8.) Sweeney sought, inter alia, damages pursuant to the Wrongful Death Act and the New Jersey Survivorship Act. (*Id*. at ¶ 9.) Trinity moved for summary judgment in that action, and the Superior Court granted its motion in September 2009. (*Id*. at ¶ 22; Kaplan Decl., Exh. 7.)

In 2012, a Qui Tam action was filed in the United States District Court for the Eastern District of Texas. (O'Connor Decl., Exh. C.) That whistleblower Complaint alleged that in 2005, Trinity made design changes to its guardrail end treatment system and failed to disclose those changes to the Federal Highway Authority and the various state highway authorities where these end treatments were utilized. (*Id*. at 4; Am. Compl. ¶ 40.) The jury returned a $175 million whistleblower verdict in that action. (*Id*. at. ¶ 41.)

On December 8, 2015, Plaintiff brought the instant fraudulent concealment action in New Jersey Superior Court, Bergen County, and Defendants removed it to this Court on February 11, 2016. (Notice of Removal at 2.) In her Amended Complaint, which was filed upon consent of the parties, Plaintiff avers the design changes to Defendant's guardrail end treatment system were not disclosed until the Qui Tam lawsuit was unsealed in January 2013. (Am. Compl. ¶ 39, Def.'s Br. at 8.) Plaintiff alleges Defendant fraudulently concealed its design change with the intent of disrupting the Bergen County lawsuit, and that Plaintiff would have recovered money against

Trinity had the design change been disclosed.  (Am. Compl. ¶ 47-52.)  Defendant now seeks to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

### III. DISCUSSION

Defendant seeks to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has not plausibly established a fraudulent concealment claim.[1] To prevail on a claim for fraudulent concealment under New Jersey law, a plaintiff must establish five elements: (1) The defendant had a legal obligation to disclose evidence in connection with an existing or pending litigation; (2) the evidence was material to the litigation; (3) the plaintiff could not reasonably have obtained access to the evidence from another source; (4) the defendant intentionally withheld, altered, or destroyed the evidence with purpose to disrupt the litigation; and (5) the plaintiff was damaged in the underlying action by having to rely on an

---

[1] Defendant also seeks to dismiss Plaintiff's Amended Complaint on the grounds that it is time-barred, arguing that a two-year statute of limitations governs fraudulent concealment claims. (Def.'s Br. at 18.) Defendant directs this Court to an appellate division case, which it avers is the sole New Jersey state court case that squarely addresses what statute of limitations governs fraudulent concealment. *Avagnano-Pirozzi v. Chinchar*, No. A-3511-08T1, 2010 WL 4025881, at *6 (N.J. Super. Ct. App. Div. Aug. 12, 2010) ("The tort of fraudulent concealment has a two-year statute of limitations."). This case included no reasoning or authority for applying the two-year statute of limitations to a fraudulent concealment claim, and does not appear to have been cited since it was issued over six years ago. Nonetheless, Defendant urges this Court to rely on *Avagnano-Pirozzi* given that "[d]ecisions of intermediate appellate courts are evidence of state law and must be given significant weight in the absence of any indication that the highest state court would rule otherwise." *Gen. Elec. Credit Corp. of Tennessee v. Ger-Beck Mach. Co.*, 806 F.2d 1207, 1209 (3d Cir. 1986) (internal citations omitted); (Def.'s Reply Br. at 13.)

However, this Court does have reason to believe the New Jersey Supreme Court would rule otherwise. Under New Jersey law, the statute of limitations for fraud is six years. *See, e.g., Lunn v. Prudential Ins. Co. of Am.*, 283 F. App'x 940, 942 (3d Cir. 2008); *Robinson v. Wingate Inns Int'l, Inc.*, Civ. No. 13-2468 (CCC), 2013 WL 6860723, at *3 (D.N.J. Dec. 20, 2013); *Kaufman v. i-Stat Corp.*, 165 N.J. 94, 127 (2000); *see also* N.J. Stat. Ann. § 2A:14-1. Defendant appears to make the inherently contradictory argument that the heighted pleading requirement for fraud claims should apply to Plaintiff's Amended Complaint, but the statute of limitations for fraud claims should not. (Def.'s Reply Br. at 4, 8-9.)

The New Jersey Supreme Court has described fraudulent concealment as "a type of fraud claim." *Tartaglia v. UBS PaineWebber Inc.*, 197 N.J. 81, 123 (2008); *see also Rosenblit v. Zimmerman*, 166 N.J. 391, 406 (2001) (describing the cause of action as "merely an invocation of the previously recognized tort of fraudulent concealment, adapted to address concealment or destruction during or in anticipation of litigation" rather than a new independent tort). The District of New Jersey has also previously observed that a six-year statute of limitations would apply to fraudulent concealment claims. *See, e.g., Bullock v. Cabasa,* Civ. No. 10-1412 (RBK-AMD), 2013 WL 6253432, at *7 (D.N.J. Dec. 4, 2013); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009).

"In the absence of guidance from the state's highest court, we must look to decisions of state intermediate appellate courts, of federal courts interpreting that state's law, and of other state supreme courts that have addressed the issue." *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1445 (3d Cir. 1996) (internal citations omitted). Given the conflicting law presented to this Court by the parties, this Court declines to find that Plaintiff's Amended Complaint is time-barred.

evidential record that did not contain the evidence defendant concealed. *Rosenblit v. Zimmerman*, 166 N.J. 391, 406-07 (2001); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 320–21 (3d Cir. 2014). A fraudulent concealment claim must be pleaded with particularity under Fed. R. Civ. P. 9(b) in order to place the defendant on notice of the precise misconduct with which it is charged. *Argabright v. Rheem Mfg. Co.*, Civ. No. 15-5243 (JBS-AMD), 2016 WL 4402819, at *14 (D.N.J. Aug. 16, 2016); *see also Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir.1984) ("We agree, of course, that fraud, and thus fraudulent concealment, must be pleaded with particularity.").

This Court finds that Plaintiff's Amended Complaint must be dismissed because she has not pled sufficient facts to support the fifth element of her claim: that Defendant's alleged concealment damaged her in the previous action.[2] The Amended Complaint includes a conclusory statement that, but for Defendant's alleged fraudulent concealment, Plaintiff would have recovered against Trinity. (Am. Compl. ¶ 49.) Plaintiff avers that her expert in the Bergen County lawsuit would have used the concealed information to support a report concluding that Defendant's product was defectively designed, and therefore Defendant's summary judgment motion would have been defeated. (*Id*. at ¶ 48.)

Plaintiff fails, however, to make plausible allegations to support this hypothetical chain of events. When the Superior Court granted summary judgment in favor of Trinity, it remarked that a "critical element" of its decision was the fact that Plaintiff produced liability experts who "clearly and unequivocally blame[d] the incorrect and negligent placement of the guardrail system as the cause of the events which resulted in the decedent's death." (Kaplan Decl., Exh. 7 at 5.) The

---

[2] Because Defendant does not move to dismiss on the other four elements of a fraudulent concealment claim, this Court will not assess whether Plaintiff has adequately pled them. (Def.'s Br. at 16 n.10 ("Trinity does not concede that Plaintiff's allegations regarding other elements of her claim are sufficient, but does not move on them at this time.").)

Court noted that "Plaintiff's liability experts conclude[d] that if the guardrail was not improperly placed on the curb the tragic events would not have unfolded the way they did. Plaintiff is bound by its reconstruction expert(s)' opinions and findings as to how the accident and injury occurred, and why." (*Id*.) Plaintiff has presented this Court with no facts to support the claim that these liability experts would not have attributed the incident to the incorrect installation of the guardrail system had the design change been revealed during the Bergen County lawsuit. This Court thus finds Plaintiff's assertion that Defendant's previous summary judgment motion would have been defeated to be speculative at best, and certainly not sufficiently supported by facts to meet the heightened pleading standard found in Fed. R. Civ. P. 9(b). Therefore, this Court will dismiss Plaintiff's Complaint without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

        /s/ Susan D. Wigenton

        SUSAN D. WIGENTON, U.S.D.J

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
             Parties